UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR08-365-JLR |
| | ) | |
| v. | ) | |
| | ) | **ORDER REVOKING** |
| JESUS "JESSE" DELEON, | ) | **RELEASE, PERMITTING** |
| | ) | **SELF-SURRENDER AND** |
| Defendant. | ) | **ORDERING DETENTION** |
| | ) | |

On April 10, 2009, the Court conducted a hearing to address the government's motion to revoke the appearance bond in this case and to detain the defendant. After considering the parties' pleadings, counsels' arguments and the balance of the record, the Court found the $5,000 posted by defendant's brother Michael Deleon to secure the $50,000 bond is not sufficient to secure the presence of the defendant. The Court granted defendant leave to make arrangements to substitute, the $5,000 presently posted, with U.S. funds in the same amount by Wednesday, April 15, 2009.

The $50,000 bond is a condition of defendant's release. If defendant cannot substitute adequate and proper funds in the amount of $5,000 to secure the $50,000 bond, the Court ruled it would revoke defendant's appearance bond and remand the defendant into custody. Defendant's counsel has informed the Court that defendant has not substituted adequate and proper funds in the amount of $5,000 to secure the $50,000 bond and requests permission to self-surrender to the U.S.

ORDER REVOKING RELEASE - 1

Marshal in Seattle, Washington on April 17, 2009. The United States does not object to the defendant's request.

The Court finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. It is therefore ORDERED:

(1) Defendant is permitted to self-surrender to the U.S. Marshal, U.S. Courthouse, 700 Stewart Street, Seattle, Washington 98199 no later than 2:00 pm on April 17, 2009. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshall, and to the United States Pretrial Services Officer.

DATED this 16th day of April 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge